UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| April and Ron Thieret, | ) | CASE NO. 5: 24 CV 1526 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Kerri Van Meter, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiffs April and Ron Thieret have filed a civil complaint in this action against Summit County Children Services, Case Worker Kerri Van Meter, Summit County Court of Common Pleas Juvenile Court Magistrate David E. Fish, court-appointed attorney Jason M. Jordan, and others.  (Doc. No. 1.)  With their complaint, they filed a motion to proceed *in forma pauperis* (Doc. No. 2.)  They have also filed numerous other motions (Doc. Nos. 3, 4, 5, 6, 8, 9, 10, 11, 13) and documents (Doc. Nos. 12, 14, 15, 16) in the case.

Plaintiffs' complaint, motions, and filings are rambling and unclear and do not set forth cogent specific factual allegations or legal claims against each Defendant, but Plaintiffs contend in their pleadings that Defendants have violated their rights in connection with a state juvenile court proceeding in which their minor children were removed from their custody.  They seek million of dollars in damages and other relief, including orders for custody and a visitation schedule, striking all orders of Magistrate Fish in the state case, and removing the Magistrate from the bench.  (*See, e.g.,* Doc. Nos.1, 1-2, 4, 6, and 13.)

**Standard of Review and Discussion**

*Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But *pro se* plaintiffs must still meet basic pleading requirements, and federal courts are not required to conjure allegations on their behalf or construct claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiffs' complaint must be dismissed.

First, even according Plaintiffs' pleadings the deference to which *pro se* pleadings are entitled, they are so unclear, vague, and conclusory that they fail to meet basic federal pleading requirements or provide factual content or context from which the Court could reasonably infer that Plaintiffs have any plausible federal civil rights claim against any Defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Second, the Court lacks jurisdiction over Plaintiffs' claims whatever they specifically are. Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id*. "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id*. The domestic relations exception precludes federal courts from hearing cases "involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Although their specific claims are not clear, the core concern of Plaintiffs' action – custody of minor children and visitation – falls squarely within the domestic relations matter over which the federal court lacks jurisdiction. This Court has no jurisdiction to determine custody of minor children or order visitation.

In addition, the Court lacks jurisdiction to review or overturn judgments of a state juvenile or domestic relations court. The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court

judgments, even if a plaintiff claims that a state court judgment violates his federal rights. *Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under the doctrine, federal courts lack jurisdiction to determine the validity of state court judgments, as well as federal claims "inextricably intertwined" with state court decisions. See *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Plaintiffs' action is barred by *Rooker Feldman* to the extent they are seeking to challenge the validity of, modify, or overturn any judgment of a state court juvenile or domestic relations court. See, e.g., *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013) ("to the extent [plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and [were] properly excluded from consideration by the [district] court") (internal quotation marks and citation omitted). See also *Danforth*, 76 F. App'x 615; *Dunina v. Hein*, No. C-3:06-CV-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007) (summarily dismissing a *pro se* plaintiff's civil rights complaint challenging a judge's decisions in a state domestic relations case). And this Court has no jurisdiction to order the removal of a state court magistrate.

**Conclusion**

Accordingly, Plaintiffs' application to proceed *in forma pauperis* in the case is granted, and for the foregoing reasons, their complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: October 28, 2024                        /s/ John R. Adams
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE